UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>            Plaintiff,<br><br>     v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATIONS,<br><br>            Defendant. | 1:06cv0968 AWI DLB<br><br>ORDER DIRECTING PLAINTIFF<br>TO FILE USM-285 FORM |

Plaintiff Louis Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action filed on July 25, 2006. Plaintiff alleges that Defendant Federal Bureau of Investigations ("FBI") violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

Plaintiff alleges violations of the FOIA and the APA. Specifically, he alleges that the FBI (1) arbitrarily and capriciously abused its discretion under the APA in refusing to initiate an investigation in to the Los Angeles Police Department's ("LAPD") failure to conduct a investigation into the homicide of Plaintiff's brother, 5 U.S.C. § 701, et seq., (2) improperly withheld agency records regarding the name and title of the employee in a photograph, 5 U.S.C. § 552; and (3) improperly withheld copies of FBI files relating to their investigation into the LAPD's Rampart Division Corruption incident, 5 U.S.C. § 552.

The complaint appears to state a cause of action pursuant to the FOIA and APA. Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following Defendants:

   Federal Bureau of Investigations

2. The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed July 25, 2006.

3. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a.   Completed summons;

   b.   One completed USM-285 form; and two copies of the endorsed complaint filed July 25, 2006.

4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **December 8, 2006**                    **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE

3