**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS,<br><br>Defendant. | 1:06cv0968 AWI DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>(Document 26) |

Plaintiff Louis Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action. Plaintiff filed this action on July 25, 2006, and seeks relief under the Administrative Procedures Act ("APA") and Freedom of Information Act ("FOIA").

Defendant Federal Bureau of Investigations ("FBI") filed the instant motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(c). The motion was referred to the undersigned for Findings and Recommendation to the District Court.

**PROCEDURAL BACKGROUND**

Plaintiff filed his complaint on July 25, 2006. He alleges three causes of action, all related to his exhaustive search for answers in the disappearance of his brother, Eddie Francis, Jr. His first cause of action is brought under the APA and requests that this Court order the "FBI to show cause ... why [it] is prohibited from initiating an investigation into why the LAPD refuses to conduct an investigation into the reported Homicide, by criminal conspiracy, as submitted by

the County Coroner, of remains which match those" of his brother.  Compliant, 7-8.  Plaintiff believes that such action is necessary because the FBI abused its discretion in refusing to initiate an investigation into the Los Angeles Police Department's ("LAPD") failure or refusal to conduct a homicide investigation relating to Plaintiff's brother, an alleged homicide in which Plaintiff believes the LAPD was involved.

The second and third cause of action arise from FOIA requests made in February 2005, to the FBI Field Offices in Los Angeles and San Francisco.  Both causes of action allege that the FBI improperly withheld agency records and requests that the Court order the disclosure of the requested records.

The FBI filed the instant motion to dismiss on December 12, 2007.  The motion seeks to dismiss the complaint, without leave to amend, on the basis of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  By order dated January 30, 2008, the Court stayed discovery pending resolution of the motion to dismiss.

Plaintiff filed his opposition to the motion to dismiss on February 7, 2008.  The FBI filed its reply on March 13, 2008, after receiving an extension of time.

## FACTUAL BACKGROUND

This action arises from Plaintiff's attempts to gather information in the disappearance and alleged death of his brother, Eddie Francis, Jr. ("Eddie").  According to his complaint and the parties' briefing for the instant motion, Plaintiff reported his brother's disappearance to the LAPD in 1992.  Eddie's mental condition was noted as "slow" on the missing person's report, and Plaintiff contends that he was mentally disabled.[1]

*Request to Pursue Investigation*

In 2005, Plaintiff received records from the Los Angeles County Department of the Coroner pursuant to the California Public Records Act, including a report of all unidentified bodies processed from 1992, an incident report relating to the discovery of human remains on August 29, 1992, and a September 3, 1992, forensic analysis of the remains.  A Case Report also

---

[1] After Plaintiff filed a writ of mandate in the state court, the LAPD reclassified Eddie from a "voluntary missing adult" to "at-risk" in late 2007.

2

1  received from the Coroner indicates that the remains may have been from a victim of a civil
2  demonstration on April 29, 1992, the day the Rodney King riots began.  The remains have not
3  been definitively identified, although Plaintiff indicates that he is awaiting results of DNA testing
4  and references state court actions filed in that regard.  Eddie remains listed as a missing person
5  by the LAPD, having last been seen on April 29, 1992, in the Wilshire area of Los Angeles.

6  From the exhibits submitted to the Court, it appears that Plaintiff began his quest for
7  information soon after his brother's disappearance.  His efforts have included countless requests
8  for information and numerous state court actions.  In 2004, Plaintiff sent a letter to the
9  Department of Justice documenting his efforts of the past years and requesting assistance in
10 locating his brother, given the lack of response from the LAPD.  This request was forwarded to
11 the FBI and denied in November 2004, based on insufficient evidence to initiate a civil rights
12 investigation.

13 After his first request was denied for insufficient evidence, Plaintiff again requested that
14 the FBI initiate a civil rights investigation into Eddie's disappearance.  In a letter to the FBI dated
15 October 5, 2005, Plaintiff enclosed the records he received from the Coroner, described above,
16 and argued that the remains matched the description of his brother but the LAPD refused to
17 investigate.  Plaintiff attached a September 13, 2005, letter to the Los Angeles County Sheriff
18 Department, Bureau of Internal Affairs, in which he sets forth his belief that the LAPD was
19 involved, either directly or indirectly, in Eddie's disappearance.

20 On April 12, 2006, the Civil Rights Division of the Department of Justice responded to
21 Plaintiff's request, explained that they could not be of further assistance and recommended that
22 Plaintiff contact legal counsel.  The Department of Justice reiterated its position in a letter dated
23 May 15, 2006.

24 *February 3, 2005, FOIA Request*

25 By letter dated February 3, 2005, Plaintiff made a FOIA request of the Los Angeles Field
26 Office of the FBI, for:

27  A copy of ALL the records currently being held and or been placed on "SPECIAL
    LOCATE" in the L.A. Field Office of the F.B.I. regarding the Los Angeles Police
28  Department's Rampart Division Corruption Incident, as made public information

3

through, but not necessarily limited to, The Los Angeles Police Department's Board of Inquiry Report concerning the Rampart area Corruption incident and or Scandal, dated approximately March 2, 2000.

Declaration of David M. Hardy ("Hardy Dec."), ¶ 5, Exh. A.

The Los Angeles Field Office responded initially on February 16, 2005, and requested additional information, which Plaintiff provided on February 25, 2005. Hardy Dec., ¶¶ 6-7, Exh. B, C.

After clarifications of misunderstandings and appeals, FBI Headquarters notified Plaintiff by letter dated April 10, 2007, that it had located approximately 3,830 pages of documents that appeared to relate to his request. The FBI explained that pursuant to federal regulations, there was a duplication fee of ten cents per page for every page released over 100. Hardy Dec., ¶¶ 6-17, Exh. L. The FBI advised Plaintiff that if all the pages were released, he would owe an estimated $373.00 in duplication costs. Plaintiff was also advised that he could narrow the scope of his request to reduce the charges. He was instructed to let the FBI know, in writing, if he wanted to reduce the scope of his request or if he was willing to pay the fee. The FBI further instructed that the cost was only an estimate and that no payment should be made at that time. Unless advised to the contrary, the FBI would assume that Plaintiff was willing to pay the fees.

Plaintiff responded on April 17, 2007, by informing the FBI that the FOIA request was now pending before this Court. Hardy Dec., Exh. M. He indicated that he was indigent and could not afford the copying costs. Plaintiff suggested that the FBI provide him with the records at no cost, or make the records available to him for viewing and allow him to select less than 100 pages.

On August 17, 2007, the FBI released 100 pages of documents to Plaintiff and cited exemptions of the FOIA for information that was withheld.[2] Hardy Dec., Exh. N.

Plaintiff appealed this response to the Office of Information and Privacy ("OIP") by letter

---

[2] The exemptions cited were 5 U.S.C. §§ 552(b)(1) (documents related solely to internal personnel rules and practices of an agency); (b)(3) (documents specifically exempted from disclosure by statute); (b)(6) (personnel and medical files where disclosure could result in an unwarranted invasion of personal privacy); (b)(7)(C) (records compiled for law enforcement purposes where the records could result in an unwarranted invasion of personal privacy); and (b)(7)(D) (records compiled for law enforcement purposes where disclosure could identify a confidential source).

dated October 13, 2007. He again stated that he was incarcerated and indigent and requested that he be allowed to review the 3830 pages and select 100 pages. Plaintiff stated that the requested information "is in the public interest and surely not for commercial purposes." Hardy Dec., Exh. P.

OIP responded on November 19, 2007, by explaining that the matter was now before the Court and his appeal would be closed. Hardy Dec., Exh. Q.

*February 22, 2005, FOIA Request*

Plaintiff's second FOIA was made on February 22, 2005, and directed to the FBI's San Francisco Field Office. Plaintiff requested as follows:

(1) The full name of the person depicted in the attached picture, if this person is an employee of the F.B.I. or other agency regulated by the U.S. Department of Justice;

(2) The job description of the person depicted in the attached picture from January 1, 1992, to June 30, 1996;

(3) Information and or a copy of the person, as depicted in the attached picture, employment time sheets, or other such records showing the amount of hours this person worked during the week, his work week schedule, and all documents showing all requests he made to his supervisors for funds associated with his job assignment. And all documents showing whether his request(s) for funds was denied or approved from January 1, 1992 to June 30, 1996.

Hardy Dec., Exh. R.

FBI Headquarters responded to Plaintiff's request on March 9, 2005. It explained that the FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions. It further explained that the questions posed were not FOIA requests because they did not comply with the FOIA and its regulations. Hardy Dec., Exh. S.

Plaintiff appealed the decision and by letter dated November 22, 2005, OIP affirmed the FBI's action. OIP explained that Plaintiff's requests consisted of questions and he had not provided any information that would permit the FBI to conduct a search of records. Hardy Dec., Exh. X.

**DISCUSSION**

A.  First Cause of Action for violation of APA

    1.  Legal Standard under Rule 12(b)(1)

Defendant moves to dismiss Plaintiff's APA cause of action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).

A challenge to jurisdiction under Rule 12(b)(1) "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-1040, n. 2 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). In the facial attack, the court must consider the allegations of the complaint as true, whereas in the factual attack, the court makes its own determination of the facts. See DeLancie v. Birr, Wilson & Co., 648 F.2d 1255 (9th Cir.1981); Thornhill Publ'g Co., Inc. v. Gen.Tel. & Elec. Corp., 594 F.2d 730 (9th Cir.1979).

    2.  Analysis

The APA provides that final agency action shall be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if it was taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D). The APA does not, however, provide an independent basis for subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99 (1977). Jurisdiction is present when the APA is combined with 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In other words, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. Gallo Cattle Co.v. U.S. Dep't Agric., 159 F.3d 1194 (9th Cir. 1998).

In this action, Defendant correctly argues that the Court has no jurisdiction under the facts of this case. Plaintiff requests that this Court compel the FBI to initiate an investigation into the

1  LAPD's handling of his brother's disappearance.  However, the Court does not have authority to
2  take such action.  In Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978), the Ninth Circuit
3  explained:

> Federal courts exercise the judicial power of the United States pursuant to Article III of the Constitution and specific statutory grants of power.  While district courts have certain responsibilities in connection with selecting, instructing, and supervising grand juries, Fed.R.Crim.P. 6, the investigation of crime is primarily an executive function.  Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises.  Without an indictment or other charge bringing a defendant before the court, or in the absence of a pending grand jury investigation, a district court has no general supervisory jurisdiction over the course of executive investigations.

Under this reasoning, then, the judicial branch may exercise jurisdiction over a criminal matter that comes before it, but it cannot inject itself into the functioning of the executive branch in determining whether to conduct an investigation in the first instance.  Cf. McCloskey v. Mueller, 385 F.Supp.2d 74, 80 (D.Mass. 2005) (finding that an investigatory decision of FBI was protected by the discretionary function exception of the Federal Torts Claim Act, and explaining that the FBI has "broad discretion to decide whether to investigate and/or apprehend a particular individual. . .")  The Court therefore lacks jurisdiction to compel the FBI to investigate the LAPD.

Plaintiff attempts to avoid this result by suggesting that the LAPD's handling of Eddie's disappearance was motivated by his mental disability and that the FBI was therefore required to investigate.  Indeed, disability discrimination provides a basis for federal jurisdiction in some instances.  However, even assuming that he could, Plaintiff has not stated a cause of action for alleged disability discrimination against the LAPD.  Instead, he has asked this Court to compel the FBI to perform an investigation.  For the reasons discussed above, the Court is without jurisdiction to do so and Defendant's motion to dismiss the first cause of action must be GRANTED WITHOUT LEAVE TO AMEND.

B.  <u>Second Cause of Action - February 22, 2005, FOIA Request</u>

The FBI moves to dismiss Plaintiff's second cause of action based on his failure to reasonably described the requested documents.  It also contends that even if responsive documents could be identified, disclosure would be improper.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may be granted if the cause of action lacks a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480 1484 (9th Cir. 1995). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Pursuant to 5 U.S.C. § 552(a)(3)(A), individuals requesting documents under FOIA must "reasonably describe such records." The regulations promulgated by the Department of Justice further provide:

> You must describe the records that you seek in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, your request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record.

28 C.F.R. § 16.3(b).

In his February 22, 2005, request to the San Francisco Field Office, Plaintiff attached a copy of a photograph depicting an individual standing on the sidewalk behind a building. Hardy Dec., ¶ 22, Exh. R. He requested that the FBI provide the name of this individual, as well as detailed employment information of the individual, including a job description, employment time sheets, work schedule and job assignments. Hardy Dec., Exh. R. From the allegations in his complaint, it appears that Plaintiff believed that this individual had him under surveillance.

The FBI informed Plaintiff on March 9, 2005, that additional descriptive information would be necessary to permit a search of FBI records. The FBI further explained that the FOIA

does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions. Hardy Dec., ¶ 23. This determination was upheld on appeal. Hardy Dec., ¶ 28.

Plaintiff's February 22, 2005, request is not a proper FOIA request. Essentially, he asks the FBI to identify an individual from a photograph, an answer that would involve speculation and opinion rather than identification of specific documents. "FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information." Sands v. United States, 1995 WL 552308, *5 (S.D.Fla.1995) (citing Hudgins v. Internal Revenue Serv., 620 F.Supp. 19, 21 (D.D.C.1985)). "FOIA creates a right of access to records, not a right to personal services." Id.

In opposition, Plaintiff focuses on his belief that disclosure of the information outweighs any privacy rights. His argument ignores the fact that he has not made a proper FOIA request in the first instance, and the Court need not decide the issue of privacy rights. It is clear that the FBI was not required to respond to Plaintiff's request.

Accordingly, Plaintiff has failed to state a claim for which relief can be granted. Defendant's motion to dismiss the second cause of action should be GRANTED WITHOUT LEAVE TO AMEND.

C.    Third Cause of Action- February 3, 2005, FOIA Request

Finally, the FBI moves to dismiss Plaintiff's FOIA request seeking documents relating to the LAPD Rampart Division Corruption Incident based on his failure to exhaust his administrative remedies, thereby divesting this Court of jurisdiction. Specifically, the FBI contends that Plaintiff failed to exhaust his administrative remedies because he did not exhaust the issue regarding payment of fees.

Under the FOIA, a party must exhaust administrative remedies before seeking judicial review. See In re Steele, 799 F.2d 461, 465 (9th Cir.1986). A plaintiff's FOIA claims are therefore subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust administrative remedies. Exhaustion does not occur until the required fees are paid or an appeal is taken from the government's refusal to waive fees. Oglesby v. U.S. Dep't Army, 920 F.2d 57,

66 (D.C.Cir.1990); Jeanes v. U.S. Dep't Justice, 357 F.Supp.2d 119, 122 (D.D.C.,2004). The FOIA's exhaustion requirement, however, is not jurisdictional. Hidalgo v. FBI, 44 F.3d 1256, 1258 (D.C.Cir.2003). Failure to exhaust only precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. Id. at 1258-59 (quoting Oglesby, 920 F.2d at 61).

There is no dispute that Plaintiff has not paid a fee for the records. Plaintiff argues, though, that he constructively exhausted his administrative remedies when the FBI did not respond to his request within the statutory period, and then only notified him of the fee requirement *after* he filed this action. Contrary to Plaintiff's belief, a plaintiff has an obligation to pay for the reasonable copying and search fees, "[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment." Trueblood v. U.S. Dep't Treasury, 943 F.Supp. 64, 68 (D.D.C.1996) (citing Pollack v. Dep't Justice, 49 F.3d 115, 120 (4th Cir.1995)); Jeanes, 357 F.Supp.2d at 123.

However, Plaintiff's failure to pay the fee does not resolve the exhaustion issue. A requester can either pay the fee or request a fee waiver. In asking that the fee be waived, the requester must demonstrate that the disclosure of the requested information is in the public interest, i.e., likely to significantly contribute to the public's understanding of the government's operations and activities, and not primarily in the requester's commercial interests. McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Insofar as a plaintiff wishes to challenge the denial of a fee waiver before a court, he must have administratively appealed the denial of the waiver prior to doing so.

The history of Plaintiff's request makes the exhaustion issue somewhat less straightforward. The first mention of a fee was made in April 2007, and while it is irrelevant that it was *after* the filing of this action, it did not lead to a further dialogue over fees. The April 10, 2007, letter stated that the FBI had located approximately 3,830 pages of documents, and that if all the pages were released, he would owe an estimated $373.00 in duplication costs. The letter explained that Plaintiff could narrow the scope of his request to reduce the charges, and instructed Plaintiff to inform the FBI if he was interested in reducing the scope of his request or

if he was willing to pay the fee. The letter specified that no payment should be made at that time, and unless advised to the contrary, the FBI would assume that Plaintiff was willing to pay the fees.

Plaintiff responded on April 17, 2007, by referencing this action and indicating that he was indigent and could not afford the copying costs. He also suggested that the FBI provide him with the records at no cost, or make the records available to him for viewing and allow him to select less than 100 pages. By this letter, then, Plaintiff informed the FBI that he could not pay the estimated fees.

On May 9, 2007, rather than addressing Plaintiff's contention that he could not pay or his request that he be allowed to review the records, the FBI informed Plaintiff that it was currently evaluating files that may be responsive. Hardy Dec., Exh. N. By letter dated August 17, 2007, the FBI released 100 pages of documents to Plaintiff and cited exemptions of the FOIA for information that was withheld. Hardy Dec., Exh. N.

Plaintiff appealed the FBI's response by letter dated October 13, 2007. He again stated that he was incarcerated and indigent and requested that he be allowed to review the 3830 pages and select 100 pages. Plaintiff further stated that the requested information "is in the public interest and surely not for commercial purposes." OIP responded on November 19, 2007, by explaining that the matter was now before the Court and his appeal would be closed.

At no time, then, did the FBI specifically address Plaintiff's statement that he was indigent. While his assertion was probably not enough to establish that he was entitled to a fee waiver, Plaintiff was not given a further opportunity to clarify or support his statement. Instead, the FBI responded to Plaintiff's FOIA request by releasing 100 pages and citing exemptions for the remaining records withheld. Where the agency provides a response to the FOIA request rather than substantively addressing a request for fee waiver, the exhaustion requirement may be waived. See Judicial Watch, Inc. v. U.S. Dep't Energy, 310 F.Supp.2d 271, 294-295 (D.D.C. 2004) (reversed on other grounds); Wiggins v. Nat'l Credit Union Admin., 2007 WL 259941, *5 (D.D.C. 2007) (because agency had already considered and processed plaintiff's request, court finds that no purpose would be served by delaying review until plaintiff pays the required fee);

1  Allen v. FBI, 551 F.Supp. 694, 696 (D.D.C. 1982) (where plaintiff asked for fee waivers and his
2  records request was denied, he could "assume reasonably that the fee waiver requests were also
3  denied."). Given the FBI's failure to address Plaintiff's contention that he could not afford
4  copying costs and instead providing a substantive response to his FOIA request, the Court finds
5  that requiring Plaintiff to pay the fees would be futile.

6      This result is consistent with the purpose of requiring administrative exhaustion. The
7  FOIA exhaustion requirement is a prudential consideration. Wilbur v. CIA, 355 F.3d 657, 677
8  (D.C.Cir. 2004); Ctr. for Biological Diversity v. Gutierrez, 451 F.Supp.2d 57, 66 (D.D.C.2006).
9  The purposes and policies of the exhaustion requirement are to prevent premature interference
10 with agency processes, to give the parties and the courts the benefit of the agency's experience
11 and expertise, and to compile an adequate record for review. Wilbur, 355 F.3d at 677; Hidalgo,
12 344 F.3d at 1259. A failure to exhaust precludes a determination on the merits of a FOIA claim
13 if the agency "had no opportunity to consider the very issues that [Plaintiff] has raised in
14 court...." Id.

15     Here, Plaintiff alleges that the FBI improperly withheld records responsive to his FOIA
16 request. He does not challenge any aspect of the fee issue, and therefore requiring Plaintiff to
17 exhaust the fee issue would not provide the Court with additional factual information relating to
18 Plaintiff's actual claim. Nor would the Court be interfering with the FBI's process, as it appears
19 the FBI has already passed on the opportunity to decide a waiver of fees when it provided
20 documents to Plaintiff.

21     Therefore, the Court finds that given the circumstances described above, Defendant's
22 motion to dismiss Plaintiff's third cause of action should be DENIED.

## RECOMMENDATION

24     Accordingly, based on the above, the Court recommends that Defendant's Motion to
25 Dismiss be GRANTED WITHOUT LEAVE TO AMEND as to the First and Second Cause of
26 Action, and DENIED as to the Third Cause of Action.[3]

---

[3] The stay of discovery remains in effect until the Court takes action on this Findings and Recommendation.

1  This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 14, 2008**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE