# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS,<br><br>　　　　　　Defendant. | 1:06cv0968 AWI DLB<br><br>ORDER VACATING DECEMBER 9, 2008, DISCOVERY SCHEDULING ORDER (Document 68)<br><br>ORDER SETTING DATE FOR FILING MOTIONS FOR SUMMARY JUDGMENT: July 1, 2009<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DOCUMENT EVALUATION (Document 69) |

Plaintiff Louis Francis ("Plaintiff") is proceeding pro se and in forma pauperis in this action under the Freedom of Information Act ("FOIA"). On December 9, 2008, the Court issued a Discovery Scheduling Order setting the discovery deadline for June 1, 2009, and the dispositive motion deadline for August 1, 2008.

On December 22, 2008, Plaintiff filed a document entitled "Motion for Vaughn v. Rosen Document Evaluation." In his motion, Plaintiff questions the Court's Discovery Order in light of the nature of this action. He also requests that the Court review 1157 pages of documents withheld pursuant to the Department of Justice's November 25, 2008, letter, to determine the sufficiency of Defendant's response.[1]

Defendant filed its opposition on January 7, 2009.

---

[1] Plaintiff attaches a copy of the letter, which indicates that 1408 pages were reviewed. Of those pages, 210 were withheld in full, 41 pages were duplicates of material already processed, and 1157 pages were returned to the FBI.

1

1    Plaintiff filed his reply on January 20, 2009.

2   A.   December 9, 2008, Discovery Scheduling Order

3    Discovery in FOIA actions is not conducted as it is in most other civil cases. Although a district court has authority to grant discovery in a FOIA action, it "is limited because the underlying case revolves around the propriety of revealing certain documents. Accordingly, in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery." Lane v. KOI, 523 F.3d 1128, 1134 (9th Cir. 2008). FOIA actions are generally decided on summary judgment, and after the government has filed its summary judgment motion, discovery may be available to plaintiff relating to the claimed exemptions and/or the adequacy of the search where plaintiff demonstrates evidence of the government's bad faith. See eg., Carney v. U.S. Dept. of Justice, 19 F.3d 807, 812, 812 (2nd Cir. 1994).

Based on the nature of this action, then, the Court VACATES the dates set forth in the December 9, 2008, Discovery Scheduling Order. Dispositive motions SHALL BE FILED by **July 1, 2009**. At the current stage of the proceeding, discovery will not be permitted.

B.   Plaintiff's Motion for Document Review

Plaintiff requests that this Court conduct a review of exempted documents pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). Plaintiff's request is premature.

In FOIA actions, the Vaughn index is generally filed with the government's dispositive motion as it provides the information necessary for the Court to evaluate the propriety of the agency's withholding decisions. King v. U.S. Dept. of Justice, 830 F.2d 210 (D.C. Cir. 1987). Therefore, attempts to compel a Vaughn index prior to the dispositive motion deadline are generally denied as premature. Miscavige v. I.R.S., 2 F.3d 366, 369 (11th Cir. 1993).

By this order, the Court has set the dispositive motion deadline for July 1, 2009. Accordingly, Plaintiff's motion to compel a review under Vaughn, months before the filing deadline, is premature and must be DENIED.

IT IS SO ORDERED.

Dated:   **February 5, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE