# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATIONS,<br><br>　　　　　　Defendant. | 1:06cv0968 AWI DLB<br><br>ORDER DENYING DEFENDANT'S MOTION<br>FOR LEAVE TO FILE SAMPLE <u>VAUGHN</u><br>INDEX AND RESET SCHEDULE<br><br>(Document 75) |

On May 29, 2009, Defendant filed a motion for leave to file a sample <u>Vaughn</u> index and reset the schedule. Pursuant to Local Rule 78-203(m), the motion is suitable for decision without oral argument.

## **BACKGROUND**

Plaintiff Louis Francis ("Plaintiff") is proceeding pro se and informa pauperis in this Freedom of Information Act ("FOIA"), filed on July 25, 2006. The action is proceeding on Plaintiff's FOIA request to the FBI for records of the Los Angeles Police Department's Rampart Division corruption investigation. The dispositive motion deadline is currently set for July 1, 2009.

Defendant filed the instant motion on May 29, 2009, requesting that it be permitted to file a sample <u>Vaughn</u> index. Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C.Cir. 1973). Defendant also asks that the Court extend the dispositive motion deadline.

1

Plaintiff opposed the motion on June 11, 2009, and Defendant filed its reply on June 15, 2009.

## DISCUSSION

When a FOIA dispute proceeds to litigation, the agency bears the burden of justifying its denial of documents with a sufficiently detailed description of what it refuses to produce and why. Fiduccia v. U.S. Dept. of Justice, 185 F.3d at 1035 (9th Cir. 1999). This burden is commonly satisfied by creation of a Vaughn index, which provides the information necessary for the Court to evaluate the propriety of the agency's withholding decisions denial of documents based on statutory exemptions. Vaughn v. Rosen, 484 F.2d 820, 826-828 (D.C.Cir.1973).

Defendant has found and reviewed approximately 3,500 pages of responsive documents. Declaration of David M. Hardy ("Hardy Dec."), ¶ 10. Of those pages, 799 have been released to Plaintiff either in their entirety or after redaction. Hardy Dec., ¶ 5. By this motion, Defendant requests that it be permitted to submit a sample Vaughn index of about 175 pages of material withheld or released with redactions (five percent of the 3,500 responsive documents). To arrive at the sample, Defendant suggests that Plaintiff be allowed to chose five percent of the partially redacted documents in his possession, and that it be allowed to chose five percent of the wholly withheld documents in its possession. These documents would make up the sample for which Defendant would submit its Vaughn index.

Defendant further requests that it be granted 120 days after Plaintiff identifies his five percent sample to draw the remainder of the sample, prepare its Vaughn index on the sample documents and write and file its dispositive motion. If the Court denies the request for a sample index, Defendant requests an 18 month extension to file the complete Vaughn index.

In support of its request, Defendant mainly relies on Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1490 (D.C.Cir. 1984) and Meeropol v. Meese, 790 F.2d 942, 958 (D.C.Cir. 1986), where the courts employed the sampling procedure where the number of documents at issue was excessive and review of each document was not realistically possible. In those cases, however, the number of documents at issue was approximately 60,000 and 20,000, respectively.

1   Moreover, the authority in the Ninth Circuit favors a <u>Vaughn</u> index for every withheld
2   document. For example, in <u>Wiener v. Fed. Bureau of Investigations, 943 F.2d 972, 979 (9th Cir.</u>
3   <u>1991)</u>, the Court rejected a <u>Vaughn</u> index where the FBI grouped documents into categories
4   "without identifying the specific reason or reasons for withholding each particular document."
5   The court continued:

> [T]he purpose of the index is not merely to inform the requester of the agency's conclusion that a particular document is exempt from disclosure under one or more of the statutory exemptions, but to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest.

9   <u>Id.</u>; see also <u>People ex rel. Brown v. United States Env't Prot. Agency, 2008 WL 3154773</u>
10  <u>(N.D.Cal.,2008)</u> (rejecting Defendant's request to file sample index based on Ninth Circuit
11  precedent, though recognizing that Defendant did not argue an excessive amount of documents).
12  While there have been district court cases within this Circuit that have proceeded on a
13  sample <u>Vaughn</u> index, either the parties in those actions have agreed to the sample procedure or
14  the court ordered the sample. Here, Plaintiff opposes Defendant's request and the Court has not
15  required submission of a sample.
16  Accordingly, the Court finds that 3,500 responsive documents is not an excessive amount
17  to warrant departure from the complete index required by a majority of cases in the Ninth Circuit.
18  Insofar as Defendant requests an 18 month extension of time to file to submit its complete
19  <u>Vaughn</u> index, the request is denied. Defendant has submitted nothing more than conclusory
20  statements relating to the general strains on the FBI's Litigation Support Unit, the relocation of
21  the Records Management Division and pending FOIA litigation. Hardy Dec., ¶¶ 12-22.
22  Defendant wholly fails, however, to demonstrate that it has acted with diligence in working
23  towards preparation of the <u>Vaughn</u> index since the Court's February 10, 2009, order setting the
24  dispositive motion deadline for July 1, 2009. Indeed, in Defendant's January 7, 2009, opposition
25  to Plaintiff's motion to compel filing of the <u>Vaughn</u> index, counsel stated that the estimated
26  completion date falls "well in advance" of the prior August 1, 2009, dispositive motion deadline.
27  Defendant has provided the Court with nothing but an unsupported quip that "the January
28  statement was overly optimistic." Opposition, at 4. Instead, Defendant's request for four

additional months to submit *five percent* of a complete Vaughn index demonstrates that Defendant has most likely done *nothing* in the past 4 months to prepare the Vaughn index and instead waited until one month prior to the deadline to seek relief.

Defendant has failed to demonstrate *any* cause, let alone good cause, to warrant an extension of the July 1, 2009, deadline.  This action has been pending for almost three years and Defendant has had ample time to prepare the necessary pleadings.  To hold otherwise under the facts presented in the moving papers would eviscerate the purpose of FOIA.

### **ORDER**

Based on the above, Defendant's motion to file a sample Vaughn index and reset the scheduling order is DENIED.  The dispositive motion deadline remains set for July 1, 2009.

IT IS SO ORDERED.

Dated:  **June 19, 2009**               /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

4