LAWRENCE G. BROWN
Acting United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| LOUIS FRANCIS, | 1:06-cv-00968-AWI-DLB |
|---|---|
| Plaintiff, | **PARTIES' STIPULATION AND ORDER SETTLING ACTION** |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

The parties hereby recite and stipulate, subject to the Order of the Court as provided for hereon, to settle this civil action on the stated terms. The parties are Louis Francis, plaintiff and requester under the Freedom of Information Act, representing himself, and the Federal Bureau of Investigation, responding agency and defendant, appearing through its counsel of record.

<u>RECITALS</u>

The parties recite as follows:

1. This agreement concerns the approximately 3481 pages of agency records processed under FOIA by defendant in this action.

2. Defendant has allowed plaintiff to inspect, without notetaking or copying, a "read-through" copy of all 3481 pages processed under FOIA in this action.

3. A "read-through" copy here means a copy of the record as it existed before application of the redactions in suit, but with the addition of indications of what was withheld and under which FOIA exemption.  For example, if a page were totally withheld it might have a diagonal slash across its face but still be readable.  If a word or phrase were redacted, the "read-through" copy might have a box showing what was obscured in the redacted version, but the word or phrase would still be readable in the "read-through" copy.  Either type of withholding might be labeled with a reference to one or more FOIA exemptions.  The parties understand that a redaction made before the record came to defendant cannot be unmade; such a redaction appears in the "read-through" copy in the form in which it came to defendant.

4. During the inspection, plaintiff decided to narrow the scope of the action to include only the pages material to plaintiff's concerns.  The pages that are the subject of the action after that narrowing are the pages stated in the handwritten list titled "Pages of Interest to Plaintiff" that is attached to the "Agreement between Plaintiff and Defendant" signed June 23, 2009.

5. Defendant is carrying out a final release of the listed pages to plaintiff under FOIA.  Defendant is redacting some information from the records released.  Defendant regards the redactions as minimal.

6. The records as released contain some individuals' names or other personal identifiers.  Defendant regards the public interest in release of that information as outweighing the identified individuals' privacy interests.

## TERMS OF SETTLEMENT

7. Defendant shall release to plaintiff the pages listed in the handwritten list titled "Pages of Interest to Plaintiff" that is attached to the Agreement between Plaintiff and Defendant signed June 23, 2009, after what defendant regards as minimal redactions.

8. As a condition of this settlement, the Court is requested to approve defendant's release of individuals' names and other personal identifiers in the final FOIA release in this action.

9. The FOIA (i.e. LAPD Rampart) claim shall be dismissed with prejudice, each party to bear its own costs.

Dated:  June  30, 2009               /s/ Louis Francis
                                     LOUIS FRANCIS
                                     Plaintiff Pro Se

Dated:  June 30, 2009                LAWRENCE G. BROWN
                                     Acting United States Attorney

                              By:    /s/ Y H T Himel
                                     YOSHINORI H. T. HIMEL
                                     Assistant U. S. Attorney
                                     Attorneys for Defendant

## ORDER

It is hereby ORDERED as follows:

1. The release of the materials stated in the handwritten list titled "Pages of Interest to Plaintiff" that is attached to the Agreement between Plaintiff and Defendant signed June 23, 2009, with some redactions by defendant, is APPROVED and SO ORDERED.

2. Leave for defendant and its agents to release the names or other personal identifiers chosen by them, in their discretion, in the materials stated in the list, is GRANTED.

3. Plaintiff's written waiver of FOIA claims for release of the materials processed in this action but not listed in the abovementioned handwritten list is APPROVED.  There is no obligation for defendant to release the materials not stated in the list.

4. The FOIA (i.e. LAPD Rampart) claim is DISMISSED WITH PREJUDICE, each side to bear its own costs.

IT IS SO ORDERED.

**Dated:   July 2, 2009**                    /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE